```
UNITED STATES DISTRICT COURT
   DISTRICT OF MASSACHUSETTS
```

_____
                                    )
AUCTUS FUND, LLC,                   )
                                    )
              Plaintiff,            )
                                    )      Civil Action
         v.                         )      No. 19-11751-PBS
                                    )
OPTEC INTERNATIONAL, INC.,          )
                                    )
              Defendant.            )
_____)

## ORDER

December 5, 2019

Saris, C.J.

Auctus Fund, LLC ("Auctus"), a frequent filer in this district, has sued Optec International, Inc. ("Optec") asserting claims for violations of federal and Massachusetts securities laws, breach of contract, unjust enrichment, breach of fiduciary duty, fraud, negligent misrepresentation, and violations of Chapter 93A. The claims arise from three separate transactions whereby Auctus loaned Optec more than $500,000 in exchange for notes that are convertible into Optec common stock. Optec has been served with the complaint and motion papers but has yet to appear in the case. The Court entered a notice of default on September 23, 2019, and Auctus now moves for a default judgment pursuant to Federal Rule of Civil Procedure 55. As relief,

Auctus requests that the Court enter an order for $461,370.26 in damages, $922,740.52 in punitive damages, and a permanent injunction compelling conversion of the notes into publicly tradeable shares of the Optec's common stock and ordering Optec to renew its registration with the Securities and Exchange Commission ("SEC") and comply with the SEC's periodic filing requirements. Auctus also requests that it be awarded reasonable attorney's fees.

In considering a motion for default judgment, "it is appropriate [for the Court] to independently 'examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.'" SEC v. Tropikgadget FZE, 146 F. Supp. 3d 270, 275 (D. Mass. 2015) (quoting Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir.2002)). The Court is satisfied the complaint states a claim for breach of contract. Optec failed to pay back all three notes by their maturity dates and appears to have breached numerous provisions of the relevant loan agreements, including express requirements to maintain an active SEC registration and stay current with SEC periodic reporting requirements.

However, the Court is doubtful that the complaint states a claim with respect to the other counts. The complaint makes only conclusory allegations of scienter, which are insufficient to

2

support fraud claims under Federal Rule of Civil Procedure 9(b). See Lenartz v. Am. Superconductor Corp., 879 F. Supp. 2d 167, 180 (D. Mass. 2012). Likewise, the complaint does not specify how or why any of the alleged misstatements are false and misleading or in what way Optec breached a duty owed to Auctus. See Cagnina v. Phila. Ins. Cos., 61 F. Supp. 3d 192, 194 (D. Mass. 2014) ("To make out a claim for either negligent misrepresentation or deceit, a plaintiff must allege that the defendants negligently or willfully made a false statement regarding her employment upon which she reasonably relied."); Pearson v. United States, 831 F. Supp. 2d 514, 519 (D. Mass. 2011) ("To prevail on such a claim, a plaintiff must show (1) the existence of a fiduciary duty arising from a relationship between the parties, (2) a breach of that duty, (3) damages and (4) causation."). And the complaint does not allege unfair or deceptive business practices sufficient to support a claim under Chapter 93A. See Framingham Auto Sales, Inc. v. Workers' Credit Union, 671 N.E.2d 963, 965 (Mass. App. Ct. 1996) ("[M]ere breach of a legal obligation under commercial law, without more, does not amount to an unfair or deceptive act under G.L. c. 93A.").

Auctus seeks contract damages consisting of the remaining unpaid principal on the notes and accrued interest. That amount excludes certain contractual default penalties and multipliers

which the Court has already held to be unenforceable. See 9/19/2019 Hr'g Transcript at 6-7. Auctus calculates the accrued interest based on a twelve percent interest rate for the period prior to Optec's default and a twenty-four percent interest rate for the period following the default. Auctus claims the "default rate" is appropriate because the loan agreements include a choice-of-law provision that stipulates that Nevada law governs the agreements, and Nevada does not have usury laws. But there is no relationship between Nevada and the transactions at issue in this case, so the Court is not bound by the choice-of-law provisions. See Oxford Glob. Res., LLC v. Hernandez, 106 N.E.3d 556, 564 (Mass. 2018). Rather, Optec is based in California and Auctus is based in Massachusetts. Applying Massachusetts choice-of-law principles, then, the Court finds that Massachusetts substantive law applies because it has "the most significant relationship to the transactions and the parties." Id. at 563 (quoting Bushkin Assocs., Inc. v. Raytheon Co., 473 N.E.2d 662, 667 (Mass. 1985)). Under the Massachusetts criminal usury statute, the "default rate" is void because it exceeds twenty percent. See Mass. Gen. Laws ch. 271 § 49(a), (c). Therefore, Auctus is entitled to actual damages consisting of the remaining unpaid principal on the notes and the accrued interest based only on the twelve percent interest rate.

Auctus also seeks treble damages on the basis of its Chapter 93A claim. Not only does Auctus's complaint fail to adequately allege a Chapter 93A claim, neither does it allege the "significant level of 'rascality,' typically involving 'immoral, unethical, oppressive or unscrupulous' behavior" necessary to support an award of multiple damages. Pizzo v. Gambee, 754 F. Supp. 2d 234, 238 (D. Mass. 2010), as amended, 796 F. Supp. 2d 270 (D. Mass. 2011) (quoting Damon v. Sun Co., 87 F.3d 1467, 1484 (1st Cir.1996)). The Court also will not enter a permanent injunction because Auctus has an adequate remedy at law in the form of contract damages. See Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). Moreover, the Court is concerned the proposed injunction is contrary to the public interest. Auctus seeks to compel Optec to re-register with the SEC, but it is not clear that the company can still comply with the registration requirements. And the purpose of Auctus's request is to facilitate the sale of potentially valueless securities into the public market. Finally, Auctus seeks its attorney's fees in connection with this action. The loan agreements include clauses which provide that Optec must cover Auctus's attorney's fees in

the event of breach. The Court therefore will award Auctus its reasonable attorney's fees.[1]

For the foregoing reasons, Auctus's motion for default judgment (Dkt. No. 26) is **ALLOWED IN PART** and **DENIED IN PART**. Auctus shall submit a revised form of judgment consistent with this order. Auctus's pending motions for a preliminary injunction and an attachment of Optec's assets (Dkt. Nos. 5 & 7) are **DENIED AS MOOT**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge

---

[1] Auctus has requested an extension until December 26, 2019, to submit its fee information due to technical difficulties with counsel's billing software. Any request for attorney's fees should be filed by December 16, 2019. In the interest of moving this case forward, however, the Court will enter judgment for Auctus now and then set the amount of reasonable attorney's fees by separate order.